L.L.

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| BARRY HONDA, | CIVIL CASE NO. CV1895-09 |
| Plaintiff, | |
| v. | **DECISION AND ORDER** |
| LAWRENCE S. YOSHIDA, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 14th day of September, 2012, for hearing on the Defendant's Motion for Summary Judgment. Attorney Thomas M. Tarpley represented the Plaintiff, and Attorney Jacqueline Taitano Terlaje represented the Defendant. The Court now issues the following Decision and Order on the matter presented.

## DISCUSSION

Summary judgment should be granted when no material facts are in dispute and the moving party is entitled to judgment as a matter of law. Iizuka Corporation v. Kawasho International (Guam), Inc., 1997 Guam 10 ¶ 8. The burden is always on the moving party and the court must review the facts in the light most favorable to the non-moving party. Id. If the movant can demonstrate that there exists no genuine issue of material fact, the non-movant

cannot merely rely upon the assertions contained in the complaint, but must produce significant probative evidence tending to support the complaint. Id. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Bank of Guam v. Flores, 2004 Guam 25 ¶ 30 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–248 (1986)). Whether a fact is material is determined by the governing substantive law; if the fact may affect the outcome, it is material. However, "[f]actual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The first issue in this case is whether there was a breach of a valid written contract between the parties, consisting of a 1995 Promissory Note executed by the Defendant in favor of the Plaintiff. The second issue in this case is whether there was a breach of a valid written contract between the parties, consisting of a 2009 Agreement executed by the Plaintiff in favor of the Defendant. The Defendant has moved for summary judgment as to both issues, requesting summary judgment against the Plaintiff on the Plaintiff's claim of breach of contract, and requesting summary judgment in his own favor on his counterclaim of breach of contract. Therefore, the law of contracts directs the facts that are material to this case.

The moving party carries the burden of showing the court the relevant information which it believes demonstrate the absence of an issue of material fact. The moving party is not required to negate each element of the non-moving party's case. Rather, the moving party satisfies and discharges its burden by establishing the absence of evidence to support the non-moving party's case. Edwards v. Pacific Fin. Corp., 2000 Guam 27 ¶ 7; and Kim v. Hong, 1997 Guam 11 ¶ 6 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).

If a lack of evidence is established by the moving party, the non-moving party must present specific facts showing there is a genuine issue for trial. The non-moving party may not rely on conclusory allegations contained in the pleadings, but must present some significant probative evidence tending to support the assertions. Id.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). There can be no "genuine issue of material fact" if there is a complete failure of proof concerning an essential element of the nonmoving party's case, since such failure renders all other facts immaterial. Id., at 323.

In Guam, "[a] breach of contract claim consists in allegation of the following elements: (1) the contract; (2) plaintiff's performance of the contract, or excuse for nonperformance; (3) defendants' breach; and (4) the resulting damage to plaintiff." Marianas Hospitality Corp. v. Premier Business Solutions, Inc., Civil Action No. 07 00002, Order Re: Defendant's Motions to Dismiss, *9 (D. Ct. Guam January 14, 2009) (citing to Reichert v. General Ins. Co., 68 Cal.2d 822, 830, 69 Cal.Rptr. 321, 442 P.2d 377 (1968).

## A) **Plaintiff's Claim of Breach of Contract**

"A contract is an agreement to do or not to do a certain thing." 18 GCA § 85101 (2012). The elements of a contract on Guam are: 1) parties capable of contracting; 2) consent of the parties; 3) a lawful object; and 4) sufficient consideration. 18 GCA § 85102 (2012); *see also* Blas v. Cruz, 2009 Guam 12 ¶ 18. In order to form a valid contract, it is also essential that the parties be identifiable. 18 GCA § 85203 (2012).

In this case, the parties are identified and have executed consent to the 1995 Promissory Note in their own names. Thus, the instrument itself purports to bind both the Plaintiff and the Defendant. Plaintiff and Defendant are named as parties to the agreement, and the express terms of the agreement indicate that both executed the agreement on their own behalf. Under 18 GCA § 20308, an intent to bind the Plaintiff and the Defendant can be found within the document. On the face of the document, the parties were capable of contracting, the agreement contained a lawful object, and also sufficient consideration. Most importantly, it is duly executed and acknowledged, and the Defendant does not argue or contest that he entered into a valid contract when he and the Plaintiff signed the 1995 Promissory Note. Cf. Blas v. Cruz, 2009 Guam 12 ¶¶ 18–20. Accordingly, at first glance, the 1995 Promissory Note constitutes a valid contract under Guam law.

The Defendant has moved for summary judgment in his favor on the Plaintiff's claim for breach of contract on the grounds that although the 1995 Promissory Note was previously valid, it was rescinded by written agreement in 2009, and was thereafter invalid, and he did not breach the 1995 Promissory Note prior to 2009, during the time that it was valid.

"A contract is extinguished by its rescission." 18 GCA § 89201 (2012). Because the parties entered into a valid contract, the Defendant must show that she is entitled to rescind the contract on the basis of a justifying reason. Under Guam law, a written contract may only be rescinded "on the application of a party aggrieved: (1) In any of the cases mentioned in 18 GCA § 89203; or, (2) Where the contract is unlawful, for causes not apparent upon its face, and the parties were not equally in fault; or (3) When the public interest will be prejudiced by permitting it to stand." 20 GCA § 3240 (2012).

Under Chapter 89 of Title 18, as referenced by 20 GCA § 3240, a court may grant rescission of a written agreement upon a showing of any one of the following reasons:

> 1. If the consent of the party rescinding, or of any party jointly contracting with him, was given by mistake, or obtained through duress, menace, fraud or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party; 2. If, through the fault of the party as to whom he rescinds, the consideration of his obligation fails, in whole or in part; 3. If such consideration becomes entirely void from any cause; 4. If such consideration, before it is rendered to him, fails in a material respect, from any cause; or 5. By consent of all other parties.

18 GCA § 89202 (2012).

Although the term "novation" was not used by the parties in arguing whether the 2009 agreement rescinded the 1995 Promissory Note, this legal concept is operative in this case. A novation "is the substitution of a new obligation for an existing one." 18 GCA § 82501 (2012). This statute and its related statutes were adopted from, and are identical to California Civil Code § 1530 *et seq.* ("Novation is the substitution of a new obligation for an existing one."). When a Guam statute is based on an identical California statute, California cases interpreting that statute are highly persuasive, and the Court must follow California precedent unless there is a compelling reason to deviate from the California law. Cruz v. Cruz, 2005 Guam 3 ¶ 9; and Fajardo v. Liberty House Guam, 2000 Guam 4 ¶ 17.

Novation of a contract occurs in one of two ways under Guam law. "The first is by 'replacement of an unexpired contract by another contract reached through renegotiation....'" Pangelinan v. Gutierrez, 2004 Guam 16 ¶ 24 (quoting Williams Petroleum Co. v. Midland Coops., 679 F.2d 815, 819 (10th Cir.1982)); *see also* 18 GCA § 82502 (2012) ("Novation is made ... [b]y the substitution of a new obligation between the same parties, with intent to extinguish the old obligation"). The substitution is by agreement and with the intent to

extinguish the prior obligation. Cal.Civ.Code, §§ 1530, 1531; *see also* 1 Witkin, Summary of Cal. Law (9th ed. 1987) Contracts, § 906, p. 811.)

Only this first type of novation is implicated in this case. Defendant contends that the 1995 Promissory Note was renegotiated and replaced by the parties' subsequent written agreement made in February of 2009, thus invalidating it.

"Novation is made by contract, and is subject to all the rules concerning contracts in general." Cal. Civ.Code, § 1532. A novation thus amounts to a new contract which supplants the original agreement and "completely extinguishes the original obligation...." 1 Witkin, supra, § 906, p. 811, emphasis in original; *see* Beckwith v. Sheldon, 165 Cal. 319, 323, 131 P. 1049 (1913).

"[R]egardless of the extent to which a contract is modified, a novation cannot be found unless it be shown that the parties intended and agreed to extinguish the original contract." Pangelinan v. Gutierrez, 2004 Guam 16 ¶ 24 (quoting Howard v. County of Amador, 220 Cal.App.3d 962, 269 Cal.Rptr. 807, 817 (Ct.App.1990)). "A change in contractual terms alone, no matter how substantial, is not sufficient to support a finding of novation." Id. It must "'clearly appear' that the parties intended to extinguish rather than merely modify the original agreement." Howard, 220 Cal.App.3d at 977.

1) Acquiescence and Waiver Through Acceptance and Subsequent Conduct

18 GCA § 87105, concerning the interpretation of written contracts states, "[w]hen a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible . . . ." 18 GCA § 87105 (2012). Further, pursuant to 18 GCA § 86107, "[t]he execution of a contract in writing . . . supersedes all the negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument." 18 GCA § 86107

(2012). Thus, where the parties express their agreement in writing, any oral agreements or discussions made contemporaneously or prior to the writing may only be collaterally considered in determining the intent of the parties, and then only if the agreement itself is silent. *See also* 6 GCA § 2511 (2012).

The express provisions of the 2009 Agreement are silent as to its effect on the 1995 Promissory Note. Thus, the Court appears to be without evidence as to the intent of the parties with regards to these contracts. However, the Defendant has produced undisputed evidence that the Plaintiff acted in conformity with the rescission of the original 1995 Agreement, by accepting a return of consideration, making payments due under the 2009 Agreement, and failing to make any further demands under the 1995 Agreement, which would show an intent to enforce the 1995 Agreement. "[A]n intention to substitute a new obligation for an existing one may be gathered from the statements and conduct of the parties under all the circumstances of a particular case...." Pangelinan v. Gutierrez, 2004 Guam 16 ¶ 28 (quoting Swift v. Allan, 211 Md. 588, 128 A.2d 260, 263 (Md.1957))(distinguished on other grounds by San Miguel v. Department of Public Works, 2008 Guam 3 ¶ 11).

In California, a novation under CCP § 1530 may be determined solely by a party's objective manifestations, and it may be inferred from one party's silence, acquiescence, or inaction in the face of a subsequent agreement. Fanucchi & Limi Farms v. United Agri Products, 414 F.3d 1075, 1082 (9th Cir. 2005) ("Indeed, "it is not necessary to meet and state either in writing or orally that the original contract was rescinded. 'If the intent to abandon can be ascertained from the acts and conduct of the parties the same result will be attained. Abandonment may be implied from surrounding facts and circumstances.' " (quoting Hunt v. Smyth, 25 Cal.App.3d 807, 818 (Cal. Ct. App. 1972) (quoting Tucker v. Schumacher, 90

Cal.App.2d 71, 75, 202 P.2d 327 (1949)); *see also* <u>Cousineau v. Norstan, Inc.</u>, 322 F.3d 493, 497 (8th Cir. 2003)(intent to alter a contract is determined by party's actual conduct, not subjective understanding); <u>Lauderdale County School Dist. By and Through Bd of Educ. v. Enterprise Consol. School Dist. By and Through Bd. of Educ.</u>, 24 F.2d 671, 687 (5th Cir. 1994)(the subsequent actions of parties to a contract can modify the contract to the extent consistent with the subsequent course of conduct); <u>Byers Transp. Co. v. Fourth Nat. Bank & Trust Co., Wichita</u>, 333 F.2d 822, 825 (10th Cir. 1964)(abrogation of contract may be implied by parties' subsequent conduct).

Novation may be shown through acquiescence of the objecting party, because parties may waive a contract's stated method of modification, rescission, or any other rights guaranteed to them under a contract. <u>Cousineau v. Norstan, Inc.</u>, 322 F.3d 493, 497, n.3 (8th Cir. 2003); <u>Universal C.I.T. Credit Corp. v. Stewart</u>, 262 F.2d 745, 749, n.6 (5th Cir. 1959).

Consequently, the court need not rely upon the subjective statements of intent of the parties, as it may determine whether it clearly appears that the parties intended to extinguish and replace the 1995 Agreement with the 2009 Agreement based upon the subsequent conduct of the parties in conformity with either the original agreement or the subsequent agreement. <u>Pangelinan v. Gutierrez</u>, 2004 Guam 16 ¶ 28; *see also* 1 Witkin, Summary of Cal. Law (9th ed. 1987) Contracts, § 689, p. 622 [contract's meaning may be established by parties' subsequent conduct alone]. The Court may conclude that the Defendant was relieved of any obligations under the 1995 Promissory Note from the parties' subsequent conduct, particularly by entering into the 2009 Agreement, and the subsequent acts of the parties in conformity therewith.

The Defendant has produced undisputed evidence showing that the Plaintiff acted in conformity with the provisions of the new contract and a waiver of the original 1995

Promissory Note by issuing checks to the Defendant pursuant to the new contract in exchange for the accepted return of the consideration underlying the 1995 Agreement, and by the cessation of demand for any payment allegedly still owed under the original 1995 obligation. Plaintiff's conduct in negotiating a new contract for the return of the original consideration underlying the 1995 Promissory Note, accepting the return of the consideration, making payments to the Defendant in consideration for the return, and ceasing to make any demands for the original amount due after the signing of the new 2009 Agreement are all inconsistent with an action or intent to enforce any obligations purportedly still owed by the Defendant under the original 1995 Promissory Note.

Defendant has provided evidence of the new written 2009 Agreement with the Plaintiff and evidence showing that the Plaintiff accepted the return of consideration and issued checks to the Defendant for eleven months, without demanding a single payment from the Defendant under the 1995 Promissory Note. Defendant's Exhibits 1 and 2. This evidence and the admissions of the Plaintiff reflect a new, changed agreement and acquiescence on the part of the Plaintiff with the terms of the 2009 Agreement as a novation. Defendant's Exhibit 2. Plaintiff does not dispute any of these facts. Consequently, the Defendant has met his initial burden of proof showing that the 1995 Promissory Note was invalid after the execution of the 2009 Agreement.

Next, the Defendant has introduced the evidence of the 1995 Promissory Note, which states in relevant part:

> Payment of Note. This note shall be paid in installments until the principal on this note is fully paid as follows: Each dividend or bonus payment due Promisor from Gum(sic) Transport and Warehouse, Inc. (corporation)(hereinafter "GWT") shall be paid directly to the Promisee as an installment payment toward the outstanding balance of this note.

Dep. of Barry Honda, Exhibit 4, 1995 Promissory Note (filed December 30, 2011).

This language establishes that the payments on the balance of the 1995 Promissory Note were to be paid exclusively from any dividends or bonuses received by the Defendant. The default provision of the 1995 Promissory Note then specifically provided that the Plaintiff, as the Promisee of the Note, could require and demand a 10-day accelerated payment in full on the note, but only "[i]f promisor shall default in the payment of principal, when due under this note." Id.

The clear and unambiguous language of the note requires that payments on the note were only due if, and when a bonus or dividend payment was due to the Defendant from GWT. Default could only occur if the Defendant received a bonus or dividend payment from GWT and did not pay those proceeds directly to the Plaintiff.

The Defendant has introduced evidence and the admission of the Plaintiff in his sworn deposition testimony that no bonus or dividend payments were ever made to the Defendant. Thus, the Defendant has further established that he did not breach the 1995 Promissory Note.

Once a lack of evidence to support the plaintiff's case is established by the moving party, the plaintiff must affirmatively present specific facts showing that there is a genuine issue for trial. The plaintiff may not rely on conclusory allegations, but must present some significant probative evidence tending to support the assertion of fact. Id.

This burden shift is iterated within the particular language of Rule 56. Rule 56(e) requires that:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

GRCP Rule 56(e)(2012)(emphasis added).

Affirming the burden shift of Rule 56, the United States Supreme Court has established that in cases where the non-movant will bear the ultimate burden of proof on a certain issue at trial, in the face of evidence showing an absence of evidence to support an essential element of the claim, the non-movant must provide the court with sufficient evidence to show that the non-movant can prevail at trial. As observed by the highest court:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).

In bringing this motion for summary judgment, the Defendant has produced evidence indicating the absence of proof on one or more essential elements of Plaintiff's case of breach of contract, namely, he has provided evidence that the 1995 Promissory Note was no longer valid after the execution of the 2009 Agreement. In addition, the Defendant has provided evidence that he never defaulted on the 1995 Promissory Note. Thus, the burden has shifted to the Plaintiff to produce admissible evidence showing that there is a material issue of fact for trial regarding the validity of the contract and the Defendant's breach of that contract.

2) Excluded Inadmissible and Discredited Evidence of Plaintiff Barry Honda

The Plaintiff presents two arguments in opposition to show that there are material issues of fact for trial on his breach of contract claim: (1) that the Defendant breached the 1995

contract by failing to pay over dividends received from GTW, thus resulting in the Defendant's default on the 1995 Promissory Note, and permitting the Plaintiff's demand for the remaining sum in full on February 2009; and (2)

The Plaintiff has provided sworn deposition testimony that no dividends or bonuses were ever paid to the Defendant from GWT, but he argues that this is immaterial, because he has shown that there is a material issue of fact regarding his breach of contract claim by declaring "on information and belief" the Defendant may have received payments from GWT. He further argues that there is a material issue of fact because he has provided his own testimony that he demanded payment in full on the note from the Defendant in February of 2009, but the Defendant did not pay him in full, and that the subsequent February 2009 Agreement was not intended to abrogate or rescind the Defendant's obligation to him under the 1995 Promissory Note.

Rule 56, as supplemented by CVR Rule 7.1(d)(1)( C) of the Local Rules of the Superior Court of Guam, requires that motions for summary judgment and oppositions to summary judgment be accompanied and authenticated "by affidavits or declaration of persons with personal knowledge through whom they could be introduced at trial." Zoslaw v. MCA Distributing Corp., 693 F.2d 870, 883 (9th Cir.1982), *cert. denied*, 460 U.S. 1085 (1983); *see also* Adickes v. S. H. Kress & Co., 398 U.S. 144, 159 (1970); Piper v. United States, 392 F.2d 462, 464 (5th Cir. 1968); Jones v. Menard, 559 F.2d 1282, 1285 n. 5 (5th Cir. 1977); 6 Moore's Federal Practice P 56.11(1. 8), at 207 (2d ed. 1948); id. P 56.22(1), at 1304; 10 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2738.

GRCP Rule 56(e) specifically and unequivocally restates this proposition; "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as

would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify on the matters stated therein." GRCP Rule 56(e).

Although the rule specifically references "affidavits," for the purposes of GRCP Rule 56(e), "since 1982 on Guam, and 1976 under Federal law, unsworn declarations under penalty of perjury are statutorily equivalent, with limited exceptions, to affidavits." Duenas v. Yama's Co., Inc., Civ. No. 90 00062A, 1991 WL 255834, *5 (D.Guam App.Div. 1991)(citing 6 GCA § 4308; 28 U.S.C. § 1746; Carter v. Clark, 616 F.2d. 228 (5th Cir.1980); and Dickinson v. Wainwright, 626 F.2d. 1184 (5th Cir.1980).

It is clear that under Rule 56, a party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,'" demonstrate proper evidentiary support for its factual allegations. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Rule 56(e) specifically requires any allegations or exhibits to be submitted in a form which would be admissible at trial.

The testimony of Plaintiff Barry Honda may be disregarded for two reasons: (1) certain material statements made by Plaintiff Barry Honda in his declaration are sworn "on information and belief," rather than personal knowledge, and are therefore, inadmissible under Rule 56; and (2) these material statements made on information and belief were submitted in order to directly contradict Plaintiff Barry Honda's previous sworn deposition testimony in order to create a material issue of fact for trial, thus permitting the Court to disbelieve and reject Plaintiff's subjective and discredited testimony in determining this motion for summary judgment.

a) Information and Belief is Not Personal Knowledge

In the declaration submitted by Plaintiff Barry Honda in opposition to the Defendant's motion for summary judgment, he states; "[u]pon information and belief, Defendant Yoshida

has received payments from GTW and failed to apply the payments against the balance of the Note." Honda v. Yoshida, Civil Case No. CV1895-09, Decl. of Barry Honda in Support of Opposition to Defendant's Motion for Summary Judgment, p. 2, ¶ 6 (filed June 24. 2011). This statement is not based on personal knowledge in order to properly dispute the fact for the purposes of summary judgment.

It is well-settled that any evidence submitted in opposition to a motion for summary judgment must be contained in the declaration or affidavit of a person which is *"made on personal knowledge, shall set forth facts which are admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein,"* or that evidence cannot be considered by the Court. GRCP Rule 56(e)(emphases added); Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 n. 17 (1970); Woloszyn v. County of Lawrence, 396 F.3d 314, 323 (3rd Cir. 2005); and Evans v. Technologies Applications & Service Co., 80 F.3d 954, 962 (4th Cir. 1996).

At best, the statement of Barry Honda sets forth a subjective and speculative belief to create an issue of fact as to whether the Defendant was in default of the original 1995 Promissory Note. This submission, as stated, is not based on facts within his personal knowledge. It is based on some unknown "information" or "belief." No other evidence or testimony has been provided to show that Barry Honda has any personal knowledge which would support this statement, and therefore, it cannot be used as competent evidence in opposition to the Defendant's properly supported motion for summary judgment. Hotel & Restaurant Employees' Alliance, Local No. 237, of the Hotel & Restaurant Employees' Int'l Union & Bartenders' Int'l League of America, AFL-CIO v. Allegheny Hotel Co., 374 F.Supp. 1259, 1263 (Dist. Ct. Pa. 1974) (Affidavits that stated the belief of the affiant, contained

opinions, were based on hearsay and expressed only conclusions, were insufficient and could not be considered on a summary-judgment motion); *see also* Applegate v. Top Assocs., Inc., 425 F.2d 92, 96–97 (2d Cir. 1970)(Plaintiff's statements that he personally believed that the signature on his wife's affidavit was a forgery and that the plaintiff in the Nevada divorce proceeding was an impersonator could not rebut contrary factual evidence that wife had signed affidavit and therefore, judge was required to grant summary judgment against plaintiff); Newhouse v. Probert, 608 F.Supp. 978, 983, Dist. Ct. Mich. 1985) (A declaration offered by plaintiff admitting that the information was "not first hand" but was merely "believed to be true given the sources and the duplication of sources" was a declaration based entirely upon hearsay evidence, rather than personal knowledge and was insufficient under Rule 56 to create a genuine issue of material fact); Great W. Sugar Co. v. Mrs. Allison's Cookie Co., 563 F.Supp. 430, 432 (Dist. Ct. Mo.1983)(Affidavits submitted with respect to a summary-judgment motion that were based only on information and belief and not on personal knowledge would be stricken for failure to comply with Rule 56); and Lark v. West, 182 F.Supp. 794, 798 (Dist. Ct. D.C.), *aff.*, 289 F.2d 898 (D.C. Cir.) *cert. denied*, 368 U.S. 865 (1961) (A statement in an affidavit that a report "contains matters which *must* be of prejudicial nature" was at best a belief, which was not equivalent to personal knowledge, and could not defeat properly supported summary judgment motion)(emphasis in original).

### b) Directly Contradicting Statements With No Explanation

Perhaps more importantly, it is apparent that this statement has been fabricated to create a material issue of fact, but is not sworn or declared as true to avoid the penalty of perjury. This is because the Plaintiff previously testified at deposition, under oath, that GWT "never issued

any dividends or bonuses" to the Defendant. Dep. of Barry Honda, p. 31, lines 19–25 (filed December 30, 2011).

Every federal circuit court of appeals has addressed the issue of whether a party may create its own issues of fact and credibility by contradicting his or her own earlier testimony, in order to survive a motion for summary judgment; and every circuit, without exception, has found that a court should disregard a party's affidavit, declaration, or testimony in light of previous contradictory sworn testimony, where no reasonable explanation is offered for the contradiction between the two. Orta-Castro v. Merck, Sharpe & Dohme Quimica P.R., Inc., 447 F.3d 105, 110 (1st Cir. 2006); S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 495–96 (5th Cir. 1996); Pyramid Securities Ltd. v. IB Resolution, Inc., 924 F.2d 1114, 1123–24 (D.C.Cir. 1991); Rohrbough v. Wyeth Laboratories, Inc., 916 F.2d 970, 975–76 (4th Cir. 1990); Farrell v. Automobile Club of Michigan, 870 F.2d 1129, 1131–32 (6th Cir. 1989); Martin v. Merrell Dow Pharmaceuticals, Inc., 851 F.2d 703, 705–06 (3d Cir. 1988); Franks v. Nimmo, 796 F.2d 1230, 1237 (10th Cir. 1986); Babrocky v. Jewel Food Co. & Retail Meatcutters Union, 773 F.2d 857, 861 (7th Cir. 1985); Van T. Junkins and Associates, Inc. v. U.S. Industries, Inc., 736 F.2d 656, 656, 658–59 (11th Cir. 1984); Camfield Tires, Inc. v. Michelin Tire Corp., 719 F.2d 1361, 1366 (8th Cir. 1983); Radobenko v. Automated Equipment Corp., 520 F.2d 540, 543–44 (9th Cir. 1975); and Perma Research & Development Co. v. Singer Co., 410 F.2d 572, 577–78 (2d Cir. 1969).

As reasoned in the landmark case of Perma Research & Development Co., and adopted by nearly every following circuit to address the issue:

> If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, *this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.* . . . The object of summary judgment is "to

discover whether one side has no real support for its version of the facts," and thereby to avoid unnecessary trials.

Id. at 578 (quoting Community of Roquefort v. William Faehndrich, Inc., 303 F.2d 494, 498 (2d Cir. 1962))(emphasis added).

Plaintiff has offered no explanation for the discrepancy between his previous sworn testimony asserting that no dividends were ever paid out to the Defendant from GTW and thus, the Defendant was not in default of his obligations under the 1995 Promissory Note, and his later declaration "on belief" that dividends were paid out to the Defendant from GTW but were never applied to the balance of the 1995 Promissory Note as required, which would thus support his claim for breach of contract under the original note. The later declaration neither attempts to explain nor clarify the direct and material contradiction between his earlier sworn testimony that the Defendant was paid no dividends, and his later statement that the Defendant was paid dividends.

This fact is crucial and material to the Plaintiff's claim for breach of contract. No explanation at all is proffered for the Plaintiff's sudden change in statements.

Plaintiff has offered no admissible testimony or evidence to rebut the Defendant's evidence that the Defendant did not breach the 1995 Promissory Note before it was rescinded by novation in 2009, and explain to the Court why his later repudiation of his own sworn testimony, which supports the Defendant's evidence that there was no breach, was reasonable or correct. Plaintiff has failed to create a genuine issue of material fact, because the information contained in his declaration directly contradicts his previous sworn testimony stating that Defendant never received any dividends from GTW, with no proffered explanation for the contradiction. Given the conflicts between the Plaintiff's earlier testimony and later statements, this Court is "left not with a genuine issue of material fact, but with trying to determine which

of several conflicting versions of [the affiant's] testimony was correct." Rohrbough v. Wyeth Laboratories, Inc., 916 F.2d 970, 976 (4th Cir. 1990). As a result of the failure to explain the discrepancy between the original testimony and the later declaration, the Defendant's statements may properly be disregarded by the Court.

The timing of the production of the Plaintiff's declaration is also highly suspect. Orta-Castro v. Merck, Sharpe & Dohme Quimica P.R., Inc., 447 F.3d 105, 110 (1st Cir. 2006)(contradictory statements executed after previous sworn statements and submitted only to defend against a motion for summary judgment may be distrusted as attempting to create sham issues of fact); *accord* Manvil v. E.C. Gozum & Co., 1998 Guam 20 ¶ 10 (contradictory declaration executed two days after the filing of a motion for summary judgment did not create an issue of fact). In this case, Plaintiff signed a declaration on June 24, 2011, more than a year after he was deposed on the matter, on April 30, 2010, and the declaration was submitted only as part of his Opposition to the Motion for Summary Judgment, filed on June 24, 2011. Accordingly, the Court may distrust the incongruous declaration and find that it was produced in an attempt to create an issue of material fact where none existed based upon his prior testimony. Hence, the Court disregards the Plaintiff's declaration and statements as an attempt to create a false issue of fact.

Taking the Plaintiff's previous sworn testimony on the issue as true, the evidence establishes that there was no breach of the 1995 Promissory Note, because no payments from the Defendant ever became due, based on the fact that no dividends or bonuses were ever issued to the Defendant.

Because Plaintiff has failed to present any admissible evidence to show why the original sworn deposition testimony by the Plaintiff should be superseded by his later, directly

contradictory declaration, which was produced only in response to summary judgment, the Court may disbelieve and disregard the Plaintiff's compromised testimony as attempting to create sham issues of fact. *See* Perma Research & Development Co., 410 F.2d at 578 (quoting Community of Roquefort, 303 F.2d at 498)("The object of summary judgment is 'to discover whether one side has no real support for its version of the facts,' and thereby to avoid unnecessary trials.").

In this case, the Court is left with only discredited testimony from the Plaintiff. Accordingly, the Court disregards the declaration of the Plaintiff, and further disregards the subjective and highly suspect testimony of the Plaintiff regarding his intent regarding both contracts.

In further opposition to Defendant's proof that the 1995 Promissory Note was rescinded by novation through the execution of the 2009 Agreement, based upon the Plaintiff's acquiescence and waiver, the Plaintiff has produced no evidence that either the Plaintiff or Defendant acted in conformity with the original Promissory Note after the execution of the 2009 Agreement, or that the Plaintiff insisted upon his rights under the original Promissory Note. The undisputed evidence shows that the Plaintiff and Defendant acted under the terms of the new written contract, and that the Plaintiff acquiesced in the rescission of the 1995 Promissory Note by acting in accordance with the new 2009 Agreement, as would be required to show a novation or waiver.

Persuasive to this Court's analysis of acquiescence is the legal maxim that a contracting party who receives payment of money (or makes payment) in the performance of a contract, with knowledge of a breach by the other party and without timely reservation of rights, such as a written protest, waives the breach. Universal C.I.T. Credit Corp. v. Stewart, 262 F.2d 745,

749 (5th Cir. 1959); *accord* <u>Westfed Holdings, Inc. v. United States</u>, 407 F.3d 1352, 1360 (Fed. Cir. 2005)(a party who knows of a breach, but accepts payment under a contract without protest or reservation of rights, waives the breach); <u>Jet Asphalt & Rock Co., Inc. v. Angelo Iafrate Const. LLC</u>, 431 F.3d 613, 617–18 (8th Cir. 2005)(a party to a contract who accepts the benefits provided under the terms of the contract, and permits the other party to continue in breach thereof, waives the right to insist on the breach); <u>Havoco of America, Ltd. v. Sumitomo Corp. of America</u>, 971 F.2d 1332, 1338 (7th Cir. 1992)(continuous acceptance of benefits, after learning of the other party's breach of contract constitutes a waiver of the breach).

The Plaintiff has failed to create a genuine issue of material fact because the information contained in the deposition of Plaintiff Barry Honda does not contradict the evidence presented showing that the Plaintiff acquiesced in unreservedly accepting the return of the shares for which he was allegedly owed payments, and subsequently, without protest, making payments of money to the Defendant in the amount calculated under the new written 2009 agreement at a time when he had full knowledge of the Defendant's alleged breach of the original Promissory Note. The depositions and declarations establish not only silence or inaction on the part of the Plaintiff when the original Promissory Note was rescinded through novation, but actual action in conformity of the rescission of the 1995 Promissory Note by issuing check payments to the Defendant pursuant to the terms of the new 2009 written contract, and the cessation of demands for payment under the original 1995 Promissory Note.

The Plaintiff' response fails to address the evidence presented by the Defendant showing that the Plaintiff assented and acquiesced in the terms of the contract, and waived any breach of the original 1995 contract by acceptance of the return of the original consideration for the Promissory Note from the Defendant and payments made to the Defendant for its return under

the new 2009 written contract, with knowledge of the alleged breach. Plaintiff presents nothing to rebut the objective evidence regarding the Plaintiff's actions offered by the Defendant, and has only provided his subjective testimony regarding his thoughts as evidence to show that he reserved his rights to pursue a breach of contract action on the original 1995 Promissory Note. Plaintiff present no evidence showing that the Plaintiff made the payments under protest, or non-acceptance of the original consideration of shares, to show that the Plaintiff did not assent to a novation under the new 2009 contract, or did not waive any potential breach associated with the alleged reservation of rights under the 1995 Promissory Note.

In this case, the Defendant has presented the required evidence to show that no genuine issue of material fact exists based upon the Court's ability to disregard the suspect declaration and testimony of the Plaintiff. In contrast, the Plaintiff has failed to set forth the required opposition showing "by affidavits or as otherwise provided in this rule," why the Court should ignore the inconsistency of his statements and accept the testimony of the Plaintiff. Disregarding the self-serving and incongruous subjective statements of the Plaintiff regarding his intent in executing the 2009 Agreement, the Plaintiff has failed to set forth "specific facts showing that there is a genuine issue for trial." GRCP Rule 56(e).

Accordingly, the Court finds on the basis of the undisputed objective evidence of the Plaintiff's actions, that the 2009 written agreement was a novation of the 1995 Promissory Note. The Plaintiff's re-purchase and acceptance of the shares as the consideration underlying completely extinguished Defendant's obligations to the Plaintiff, leaving the Plaintiff in debt to the Defendant, as shown by the Plaintiff's subsequent partial payment of $11,000.00 to the Defendant. Specifically, Defendant conveyed to the Plaintiff in 2009 all of his right, title and interest in and to the shares of stock, which constituted a return of the consideration for the

original Promissory Note, and under the terms of the 2009 agreement, the Plaintiff agreed to be bound by the new agreement and make re-payments to the Defendant. As to the requisite intent to extinguish the prior obligation of the Defendant, the Plaintiff's actions speak more loudly than his discredited words. Plaintiff began making re-payments to the Defendant at a time when he claims that the Defendant owed him payments, and stopped making any demands for those allegedly owed payments.

## B) Defendant's Claim of Breach of Contract

Finally, the Defendant has moved for summary judgment in his favor on his own counterclaim for breach of contract on the grounds that the written agreement of 2009 is a valid contract in its own right, and that the Plaintiff has breached the 2009 Agreement by failing to make payments to him after December of 2010.

In the 2009 Agreement, the parties are identified and have executed consent in their own names. Thus, the instrument itself purports to bind both the Plaintiff and the Defendant. Plaintiff and Defendant are named as parties to the agreement, and the express terms of the agreement indicate that both executed the agreement on their own behalf. Under 18 GCA § 20308, an intent to bind the Plaintiff and the Defendant can be found within the document. On the face of the document, the parties were capable of contracting, the agreement contained a lawful object, and also sufficient consideration. It is duly executed and acknowledged, and the Plaintiff does not argue or contest that he entered into a valid contract when he and the Defendant signed the 2009 Agreement. Accordingly, there is no argument that the 2009 Agreement constitutes a valid contract under Guam law.

Most importantly, the Defendant has presented testimony, and the Plaintiff has admitted under oath, that the Plaintiff has not made payments to the Defendant as required under the

contract. The Plaintiff has further admitted that he still owes the Defendant $39,000.00 as the balance of the amount due. Accordingly, the Court finds there is no issue of material fact for the Court to determine at trial, and summary judgment is granted in favor of the Defendant as to his counterclaim of breach of contract under the 2009 Agreement.

## CONCLUSION

After considering the motion, the Court finds that the Defendant has provided objective and admissible evidence that he did not breach the 1995 Promissory Note, and that the 2009 Agreement constituted a novation of the 1995 Promissory Note, which evidence the Plaintiff has failed to rebut with credible, admissible evidence. Next, the Defendant has presented evidence that the Plaintiff has breached the 2009 Agreement reached by the parties. The Plaintiff has admitted these facts, and fails to even argue the point. Based upon the foregoing, Summary Judgment is GRANTED in favor of the Defendant as to the Plaintiff's claim of breach of contract on the 1995 Promissory Note, and as to the Defendant's counterclaim of breach of contract on the 2009 Agreement.

**IT IS SO ORDERED** this ___DEC 1 0 2012___ .

_____
HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam



Page **23** of **23**